# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO HARRIS BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> LALA TRUCKING INC., et al., <br><br> Defendants. | Case No.: 1:24-cv-01114 JLT BAM <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT IN PART, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE <br><br> (Docs. 10, 15) |

BMO Harris Bank N.A. seeks to hold Lala Trucking and Varinder Singh liable for breach of contract related to Loan and Security Agreements and Continuing Guarantees. (*See generally* Doc. 1.) The Court entered default against Defendants after they failed to answer the complaint. (Doc. 9.) Plaintiff now seeks default judgment against Defendants. (Doc. 10.)

The magistrate judge determined Plaintiff complied with the service requirements under Rule 4 of the Federal Rules of Civil Procedure. (Doc. 15 at 6-8.) Examining the sufficiency of the complaint, the magistrate judge found Plaintiff alleged sufficient facts to state a claim for breach of contract against Defendants and submitted evidence of damages. (*Id*. at 8-10, 12.) The magistrate judge determined the factors identified by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) weighed in favor of default judgment and recommended the motion be granted, with damages awarded in the amount of $360,508.85, plus post-judgment interest, as well as possession of the unrecovered vehicles. (*Id*. at 8-12, 14-15.)

The magistrate judge found Plaintiff is also entitled to an award of attorney fees and costs. (Doc. 15 at 12-14.)  The magistrate judge found the requested hourly rate of $325 was reasonable based upon the experience of counsel.  (*Id.* at 13-14.)  In addition, the magistrate judge observed: "According to the declaration of Attorney Ito and the corresponding invoice, Attorney Ito expended 7.80 hours of work."  (*Id.* at 14.)  The magistrate judge noted Mr. Ito anticipated that it would also take 3.5 hours to complete the motion for default judgment.  (*Id.*)  The magistrate judge recommended the Court "award[] Plaintiff $3,672.50 for 11.3 hours of work by Attorney Ito at a rate of $325.00 per hour."  (*Id.*)  The magistrate judge also found costs in the amount of $556.84—which included the filing fee and service of process—were reasonable and recommended the Court award the amount requested.  (*Id.*)

The Court served the Findings and Recommendations on Plaintiff, which served the document on Defendants at their last known mailing addresses on April 21, 2025, and filed proof of service.  (Docs. 15, 16.)  The Court notified the parties that any objections were due within 14 days after service.  (Doc. 15 at 15.)  The Court advised the parties that the "failure to file objections within the specified time may result in the waiver of the 'right to challenge the magistrate's factual findings' on appeal."  (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  No objections were filed, and the deadline for doing so has passed.

According to 28 U.S.C. § 636 (b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, the Court concludes findings related to the Court's jurisdiction, Plaintiff's service of the complaint, and the *Eitel* factors are supported by the record and proper analysis.  Therefore, the Court adopts the recommendation that Plaintiff be awarded monetary damages in the amount of $360,508.85, plus post-judgment interest.  However, Plaintiff's request for attorney's fees in the amount of $3,672.50 is not supported by the record.

A fee applicant must provide time records documenting the tasks completed and the amount of time spent on the action. *Hensley v. Eckerhart*, 461 U.S. 424, 424 (1983); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007).  Plaintiff's records indicate that counsel expended 7.80 hours on this action through November 20, 2024.  (Doc. 13 at 5-8.) Although Mr. Ito anticipated 3.5 additional hours related to the pending motion (*id.* at 3, ¶ 7),

there is no evidence to support this estimate.  The Court declines to speculate as to time related to this motion simply because Plaintiff elected to not submit billing records through the motion's filing date of December 31, 2024.   Instead, the fee award is limited to the established and documented time.  *See, e.g., Merch. Cash & Capital, LLC v. Progressive Rent a Car, Inc.,* 2018 WL 4268908 (E.D.N.Y. Aug. 15, 2018) ("Plaintiff has not submitted billing records for the preparation of the instant motion and, as a result, is not awarded any attorney's fees for that time"); *see also Auto. Indus. Pension Trust Fund v. Bi-City Paint & Body Co.*, 2012 WL 6799735 (N.D. Cal. Dec. 6, 2012) (declining estimated attorney fees for anticipated work related to a motion for default judgment where the plaintiff did not document how the estimate was calculated).  The documented time was reasonable for the tasks completed.  (*See* Doc. 13 at 5-8.) Applying the requested hourly rate of $325, which the Court agrees is reasonable, Plaintiff is entitled to the modified fee award of $2,535.00.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued April 21, 2025 (Doc. 15) are **ADOPTED** in part.
2. Plaintiff's motion for default judgment (Doc. 10) is **GRANTED** in part.
3. Plaintiff is **AWARDED** monetary damages in the amount of **$360,508.85**, plus post-judgment interest.
4. Plaintiff's request for fees and costs is **GRANTED** in the modified amount of $2,535.00 in attorney fees and $556.84 in costs, for a total of **$3,091.84**.
5. Plaintiff is **AWARDED** possession of the subject vehicles, and Defendants **SHALL** return and/or permit Plaintiff to take possession of the subject vehicles:
    a. 2020 Great Dane Refrigerated Van 53', Vin: 1GR1A062XLW175891 with 2020 Thermo King S600, Serial: #6001315260; and
    b. 2023 Peterbilt 579-Series Tractor, Vin: 1XPBD49X2PD837256.
6. Upon recovery and sale of the subject vehicles in a commercially reasonable manner, Plaintiff **SHALL** credit the net sale proceeds of the vehicles toward the monetary judgment awarded herein.

///

7. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants, and to close this case.

IT IS SO ORDERED.

Dated: __May 7, 2025__                             /s/ Jennifer L. Thurston
                                                   UNITED STATES DISTRICT JUDGE